IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'ANGELO BOONE,<br><br>    Plaintiff,<br><br>  v.<br><br>CONTRA COSTA COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendant.<br>_____/ | No. C 08-5695 SBA (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, D'Angelo Boone, currently incarcerated at the San Quentin State Prison, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that unnamed officers from the Contra Costa Sheriff's Department used excessive force during the course of his arrest. He names the Contra Costa Sheriff's Department as the sole Defendant in this action. He seeks monetary damages. His motion for leave to proceed in forma pauperis has been granted. Venue is proper in this district because the events giving rise to the action are presumed to have occurred in Contra Costa County, which is located in this judicial district. See 28 U.S.C. § 1391(b).

**DISCUSSION**

**I.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Excessive Force Claim

In his complaint Plaintiff alleges the following:

On February 18, 2008, Plaintiff was "involved in a felony evading policy" in which he was the "driver and sole occupant of the vehicle." (Compl. at 3.) Plaintiff was pursued by the "California Highway Patrol, Contra Costa County Sheriff's Department, Antioch Police and Pittsburg police units." (Id.) During the course of the pursuit, Plaintiff crashed his car and then "fled on foot." (Id.) In his attempt to evade police, Plaintiff hid in a "drainage ditch" for approximately "15 to 20 minutes before seeing police flashlights and hearing police radios and K-9's." (Id.) At that point, Plaintiff "raised [his] arms behind [his] back" and said, "I'm not resisting. I'm down, I'm down, I'm not resisting." (Id.) Then the officers released the police dog "with a command attack," and the dog "bit into [his] leg while police punched [him]." (Id.) The dog released his bite when the officers handcuffed Plaintiff. (Id.)

The use of excessive force by law enforcement officers in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986). Excessive force claims that arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 394-95 (1989). The reasonableness inquiry in excessive force cases is an objective one, the question being whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation, and without the "20/20 vision of hindsight." See id. at 396-97.

However, while the record does not contain enough information for the Court to make a conclusive determination, it is likely that his claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct

2

1  appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such
2  determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck,
3  512 U.S. at 486-87. A claim for damages bearing that relationship to a conviction or sentence that
4  has not been so invalidated is not cognizable under § 1983. Id. at 487. If, however, the conviction
5  or sentence cannot be challenged directly due to mootness, the plaintiff may proceed with § 1983
6  claims that would otherwise be barred under Heck. Nonnette v. Small, 316 F.3d 872, 876 (9th Cir.
7  2002). But cf. id. at 11 n.6 (distinguishing Cunningham v. Gates, 312 F.3d 1148,1154 n.3 (9th Cir.
8  2003) (holding that unavailability of habeas action due to failure to file a timely petition does not
9  overcome the Heck bar)).

10  When a state prisoner seeks damages in a § 1983 suit, the district court must therefore
11  consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his
12  conviction or sentence. If it would, the complaint must be dismissed unless the plaintiff can
13  demonstrate that the conviction or sentence has already been invalidated. Heck, 512 U.S. at 487.

14  Heck generally bars claims challenging the validity of an arrest, prosecution or conviction.
15  See Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1998) (Heck barred plaintiff's
16  false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d
17  951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to
18  arrest him and brought unfounded criminal charges against him). It also bars claims which
19  "necessarily imply" the invalidity of a conviction. See, e.g., Valdez v. Rosenbaum, 302 F.3d 1039,
20  1049 (9th Cir. 2002) (prisoner's Sixth Amendment claim of denial of access to counsel while a
21  pretrial detainee barred by Heck because claim would necessarily imply invalidity of subsequent
22  conviction).

23  A claim for use of excessive force during the course of an arrest may not necessarily imply
24  the invalidity of the arrest or conviction and therefore may not be barred by Heck. See Cabrera, 159
25  F.3d at 380; Smithart, 79 F.3d at 952-53; compare Sanford v. Motts, 258 F.3d 1117, 1120 (9th Cir.
26  2001) (when a civil rights complaint, brought by a person convicted of resisting arrest, alleges facts
27  indicating that the officer used excessive force *after* the arrest, the complaint is not barred by Heck),
28  with Cunningham v. Gates, 312 F.3d 1148, 1153-55 (9th Cir. 2003) (where the plaintiff was

1  convicted of felony murder for provoking police gunfire that killed his associate, plaintiff's claim
2  that the police either started firing first or deliberately created a dangerous situation that provoked
3  the plaintiff into firing necessarily implied the invalidity of the conviction).

4  In the instant case, Plaintiff has provided no information about whether he has been
5  convicted or whether he is still facing charges stemming from the February 18, 2008 incident. If he
6  has since been convicted, he has not provided information about the criminal proceedings
7  underlying his conviction, and has not indicated whether he has challenged his conviction on direct
8  appeal or by petition for writ of habeas corpus. Without such information, the Court cannot
9  determine whether Plaintiff's claims for damages are barred by Heck. Accordingly, Plaintiff shall be
10 given an opportunity to amend his complaint to include the necessary information.

11 Furthermore, Plaintiff must name individual members of the Contra Costa County Sheriff's
12 Department and link them to his claim by explaining what each defendant did that caused a violation
13 of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be
14 imposed on individual defendants under § 1983 only if plaintiff can show that defendant proximately
15 caused deprivation of federally protected right). Plaintiff must also include specific information as
16 to where the alleged violation took place.

17 Accordingly, Plaintiff's excessive force claim is DISMISSED WITH LEAVE TO AMEND.

## CONCLUSION

19 For the foregoing reasons, Plaintiff's excessive force claim against the Contra Costa County
20 Sheriff's Department is DISMISSED WITH LEAVE TO AMEND, as directed above. The amended
21 pleading must be in the Court's civil rights complaint form and must include the caption and civil
22 case number used in this Order -- No. C 08-5695 SBA (PR) -- and the words AMENDED
23 COMPLAINT on the first page. **Failure to file a proper amended complaint within thirty (30)**
24 **days of this Order will result in the dismissal of this action.**

25 The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.
26 IT IS SO ORDERED.
27 DATED: 4/26/10
   _Saundra B Armstrong_
   SAUNDRA BROWN ARMSTRONG
28 United States District Judge

G:\PRO-SE\SBA\CR.08\Boone5695.DWLA.wpd 4

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

D'ANGELO BOONE,

        Plaintiff,

  v.

CONTRA COSTA COUNTY et al,

        Defendant.

Case Number: CV08-05695 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 28, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

D'Angelo Boone V-58465
California State Prison - San Quentin
San Quentin, CA 94974

Dated: April 28, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\CR.08\Boone5695.DWLA.wpd5